# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL D. WESTBROOK | § | |
| | § | |
| V. | § | CASE NO. 4:06cv106 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be AFFIRMED.

### HISTORY OF THE CASE

Plaintiff originally applied for DIB and SSI in June 2002, claiming an inability to work since June 1, 2002, due to bipolar disorder. The Social Security Administration denied Plaintiff's applications initially and upon reconsideration. Plaintiff requested a hearing and was represented by counsel at a hearing held on March 7, 2005, and a supplemental hearing on September 14, 2005. Plaintiff testified, as well as two medical experts (ME) and a vocational expert (VE). The ALJ denied Plaintiff benefits in November of 2005. At the time of the ALJ's decision, Plaintiff was forty-one years old with a twelfth grade education and one year of college. Plaintiff's past relevant work included employment as a state auto inspector.

In his decision, the ALJ found that Plaintiff's obesity, bipolar disorder, and polysubstance abuse were severe impairments. The ALJ found that Plaintiff's mental impairments met Listing

1

12.09 from Plaintiff's alleged onset date of June 1, 2002, through April 7, 2005. However, the ALJ determined that Plaintiff's alcoholism and/or drug abuse was a contributing factor material to the determination of disability and that Plaintiff's alleged mental impairment(s) would not render Plaintiff disabled because Plaintiff's bipolar disorder was not severe enough to meet or equal any of the listed impairments in the Listing of Impairments of Appendix 1, Subpart P, Regulations No. 4. In other words, the ALJ found that Plaintiff was only disabled when alcohol and/or drug abuse was considered and thus Plaintiff's alcohol/drug abuse was a contributing factor material to the finding of disability. The ALJ further found that Plaintiff's subjective complaints were not totally credible. The ALJ then considered whether Plaintiff would still be disabled if he stopped abusing drugs and alcohol.

Based on the evidence as a whole, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a significant range of work at all exertional levels with additional non-exertional limitations consisting of: an inability to balance or climb; interact with the public or have constant exposure to co-workers; or perform more than 1-2 step tasks. The ALJ determined that Plaintiff's RFC would not allow him to return his past relevant work. Further, the ALJ found, based on VE testimony, that Plaintiff was capable of making a vocational adjustment to other work. Thus, the ALJ concluded that Plaintiff was not disabled at any time through the date of his decision.

Upon the Appeals Council's denial of Plaintiff's request for review on February 28, 2006, the ALJ's determination became the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ

made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's obesity, bipolar disorder, and polysubstance dependence are "severe" impairments, based upon the requirements in the Regulations. 20 C.F.R. §§ 404.1520 and 416.920.

4. The claimant's medically determinable impairment of polysubstance abuse and/or bipolar disorder met Listing 12.09 in Appendix 1, Subpart P, Regulation No. 4 from June 1, 2002 through April 7, 2005.

5. The claimant's drug and/or alcohol abuse was a contributing factor material to the finding of disability.

6. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

7. The claimant does not have exertional limitations. However, the claimant should not balance or climb; should not interact with the public or have constant exposure to co-workers; and should only be given 1-2 step tasks.

8. The claimant is unable to perform any of his past relevant work. 20 C.F.R. §§ 404.1565 and 416.965.

9. The claimant is a "younger individual between the ages of 18 and 44." 20 C.F.R. §§ 404.1563 and 416.963.

10. The claimant has "a limited education." 20 C.F.R. §§ 4004.1564 and 416.964.

11. Using Medical-Vocational Rules 202.18 and 203.26 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 C.F.R. §§ 404.1520(g) and 416.620(g).

(TR 20-21).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 1520(a).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner

has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a). In this case, the determination was made at the fifth step concerning whether Plaintiff demonstrated impairments which prevented him from performing a significant number of light jobs in the economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

## **ANALYSIS**

Plaintiff presents two issues for review of the Commissioner's decision. Plaintiff questions whether the ALJ properly evaluated the medical evidence, including Plaintiff's obesity. Plaintiff also

5

questions whether the ALJ properly evaluated the vocational evidence. The Court finds that the ALJ properly considered both the medical evidence, including that of Plaintiff's obesity, as well as the vocational evidence and affirms the decision of the Commissioner.

The Social Security Act was amended in March 1996 to preclude award of Social Security benefits based on alcoholism or drug addiction. Pub. L. No. 104-121, § 105(b)(5)(A); 42 U.S.C. § 1382. The Commissioner's regulations require the ALJ to determine whether substance abuse is a "contributing factor material" to a claimant's disability, that is, whether the claimant would still be disabled if he stopped drinking or using drugs. 20 C.F.R. §§ 404.935, 416.935. The Fifth Circuit holds that the claimant has the burden to prove that his substance abuse is not material by showing that he would still be disabled in the absence of substance abuse. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).

First, Plaintiff contends that there is insufficient evidence to show that he had a drug or alcohol abuse problem that would constitute a factor material to a finding of disability. Plaintiff has a long history of drug abuse and alcoholism. In July 2005, Plaintiff told consultative examiner Ronald W. Anderson, Ph.D., that he was charged with a DUI or driving under the influence in 1993 and placed in jail. (TR 250). He was also charged with possession of under two ounces of marijuana. (TR 250). Hospital admission notes in June 2002 show that Plaintiff had used alcohol and marijuana in the previous month. (TR 217, 223). Plaintiff told Fernando M. Siles, M.D., in August 2002 that, although he did not consider himself to be an alcoholic or addicted to marijuana, he "smokes when its there" and that he was "drinking less and less." (TR 139). At an initial psychiatric evaluation conducted on Plaintiff on August 15, 2002, medical personnel noted that Plaintiff had admitted to drug abuse since age twelve, including marijuana, alcohol, speed, and cocaine. (TR 194). Plaintiff was diagnosed on Axis I with bipolar disorder and polysubstance

abuse. (TR 196). On December 30, 2002, a physician noted that Plaintiff had been drinking a case of beer a week and again diagnosed Plaintiff on Axis I with bipolar disorder and polysubstance abuse. (TR 192). A toxicology report dated February 27, 2003, from Plaintiff's hospital stay shows that Plaintiff tested positive for amphetamines. Throughout 2003, medical personnel continued to diagnose Plaintiff on Axis I with bipolar disorder as well as polysubstance abuse, despite Plaintiff's denials of drug or alcohol use. (TR 183, 185-87, 189). In July 2005, Plaintiff told Dr. Anderson that he had quit drinking just "six months ago," which means that Plaintiff was still drinking in the early part of 2005. Plaintiff also told Dr. Anderson that he had been involved in one drug treatment program. When Plaintiff was admitted to the hospital on April 7, 2005), for a Trazdone overdose and verbalizing suicidal ideation, he acknowledged occasional alcohol use. (TR 231).

The ALJ appropriately considered the testimony of Dr. Proctor, who testified that the evidence demonstrated that when Plaintiff was using drugs or alcohol, under the "paragraph B" criteria of Listings 12.04 and 12.09, Plaintiff had moderate restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; and four or more episodes of decompensation. (TR 16, 320). Dr. Proctor also testified at the second hearing that, as of April 7, 2005, when Plaintiff was still using drugs and/or alcohol, Plaintiff would be able to understand, remember, and carry out simple instructions, but would not be able to use judgment and that drugs and/or alcohol would have more than a minimal impairment on Plaintiff's ability to respond appropriately to supervisors and coworkers as well as in his ability to deal with changes in a routine work setting. At the first hearing, Dr. Proctor also opined that Plaintiff's mental state was exacerbated when he was using drugs and/or alcohol. (TR 323). When not using alcohol or after April 7, 2005, Dr. Proctor testified that Plaintiff had mild restrictions of activities of daily living; moderate difficulties in maintaining social

functioning; moderate difficulties in maintaining concentration, persistence, or pace; and one or two episodes of decompensation. (TR 16, 321, 356). Dr. Proctor also testified that, after April 7, 2005, when not using drugs and/or alcohol, Plaintiff is able to understand, remember, and carry out simple instructions; use judgment; respond appropriately to supervisors and coworker; and deal with changes in a routine work setting. (TR 321-22, 358). Dr. Proctor opined that Plaintiff's mental impairments met Listing 12.09 through April 7, 2005, and that Plaintiff's drug and alcohol usage was material to the severity of his impairments. (TR 16, 323).

Plaintiff also asserts that the ALJ did not properly report or interpret Dr. Anderson's comments regarding Plaintiff's performance on the Minnesota Multiphasic Personality Inventory (MMPI) test. Dr. Anderson did question the validity of Plaintiff's MMPI scores, noting that there was a possibility that Plaintiff could have answered the questions in order to exaggerate his mental impairment or marked answers in a random manner. (TR 251). Even though Anderson found Plaintiff's MMPI scores to be "very suspect," he still opined that a diagnosis of bipolar disorder was warranted. (TR 251). The ALJ found that Plaintiff's bipolar disorder was a severe impairment. The mere diagnosis of a condition without significant functional restrictions is not disabling within the Act. *See Barajas v. Heckler*, 738 F. 2d 641, 644 (5th Cir. 1984). Plaintiff has failed to show that his bipolar disorder was so severe without the use of drugs and/or alcohol that it caused significant restrictions or caused him to be disabled. There is substantial evidence to support the ALJ's conclusion that Plaintiff's alcoholism and drug abuse are major contributing factors to his psychological problems and that he would not be disabled were it not for his drug abuse and/or alcoholism from June 2002 through April 7, 2005.

Plaintiff also contends that the ALJ did not evaluate his obesity as required under Social Security Ruling (SSR) 02-01p. SSR 02-01 p states that "the Commissioner does not make any

8

assumptions about the severity or functional effects of obesity combined with other impairments, and each case must be decided on its own record." Here, the ALJ found that Plaintiff's obesity was one of his "severe" impairments. Since Plaintiff did not allege limitations due to obesity in any of his disability documents or in his testimony, the ALJ did not err when he did not include any additional limitations relating to Plaintiff's obesity in the RFC determination. The mere diagnosis of a condition, such as obesity, without resulting significant functional restrictions, it is not disabling within the Social Security Act. *See Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983). An impairment that is severe is not necessarily disabling. *See* 20 C.F.R. §§ 404.1520(e), 416.920. Merely being obese is not *per se* disabling under the regulations. Plaintiff did not show the effect that his obesity allegedly had on his ability to work and did not meet his burden of showing how his obesity affected his other conditions. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Medical evidence shows virtually no physical limitations in Plaintiff. Anh Q. Nguyen, M.D., examined Plaintiff on June 17, 2005, and noted that Plaintiff exhibited a normal posture and gait and walked without assistance. (TR 242). Plaintiff also enjoyed a full range of motion in his neck and lumbar spine as well as normal motor strength in both the upper and lower extremities. (TR 242). Plaintiff has failed to show that his obesity limited him to the extent that he could not perform some type of work activity.

     Plaintiff also argues that the ALJ did not properly evaluate the vocational evidence; however, the ALJ properly determined that there were a significant number of jobs in the national economy that Plaintiff could perform such as a kitchen helper, laundry folder, and bench assembler. Plaintiff contends that all of these jobs require good use of the hands and that Dr. Anderson, the consultative examiner, opined that Plaintiff's speed with his hands was slow and that occupations stressing speed and production with one's hands were not recommended. When the ALJ asked Dr. Proctor about

this limitation at the hearing, Dr. Proctor opined that Dr. Anderson's opinion was not supported by Dr. Anderson's own examination notes. (TR 363-64). Dr. Proctor noted that Plaintiff had a block design test that involves manual dexterity and that Plaintiff had a score of nine, which is average and does not show that speed is a significant issue. (TR 363-64). The other Medical Expert at the hearing, Dr. Murphy, also noted that Plaintiff's most recent neurological evaluation by Dr. Nguyen in June 2005 showed no limitations in Plaintiff's upper extremities (TR 2242, 362). Dr. Nguyen also indicated on a Medical Source Statement of Ability To Do Work-Related Activities - Physical that Plaintiff had an unlimited ability to perform manipulative limitations. (TR 246).

The ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) (*quoting Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). The Fifth Circuit holds that the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). Section 416.927(e)(2) states that "although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirement of any impairment(s)..., the final responsibility for deciding these issues is reserved to the Commissioner." 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). In his decision, the ALJ cited to 20 C.F.R. §§ 404.1527 and 416.927 and noted that he had to consider all opinions about the nature and severity of Plaintiff's impairments and resulting limitations. As revealed by the record, the ALJ considered Dr. Anderson's opinion about the use of Plaintiff's hands in light of the contradictory medical evidence.

Plaintiff also questions whether he was afforded due process because the issue regarding his

ability to use his hands was not resolved and contends that the ALJ should have re-contacted Dr. Anderson. As the ALJ stated at the hearing, re-contacting Dr. Anderson was neither necessary nor appropriate in this case. As the ALJ indicated at the hearing, "due process was honored" and the record fully developed in this case after Plaintiff's request for a consultative neurological examination was granted after the first hearing in March 2005 and Plaintiff had a supplemental hearing in September 2005. (TR 337, 365). *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). The Fifth Circuit will not reverse the decision of the ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficiencies alleged. *See Brock*, 84 F.3d at 729. To establish prejudice, Plaintiff must show that had the ALJ done his duty, the ALJ "could and would have adduced evidence that might have altered the result." *See id.* at 728 (*citing Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). Plaintiff has failed to show that had the ALJ re-contacted consultative examiner Dr. Anderson, the ALJ could and would have adduced evidence that might have altered the result, especially in light of the fact that there was medical evidence that contradicted Dr. Anderson's opinion. The lack of re-contact with Dr. Anderson by the ALJ in this case does not rise to the level of causing the record to be less than fully developed or meet the standard established in *Brock*. *See Brock*, 84 F.3d at 729.

Additionally, the "court will not vacate a judgment unless the substantial rights of a party have been affected." *Morris v. Bowen*, 964 F.2d 333, 335 (5th Cir. 1988) (*citing Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Procedural improprieties will constitute a basis for remand only if the improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Morris,* 864 F.2d at 335. The ALJ fulfilled his duty of factual inquiry by obtaining and reviewing medical records, questioning Plaintiff at two hearings, granting Plaintiff's request for a neurological consultative examination, and making the necessary findings. The ALJ in this case

met his duty to fully and fairly develop the record. The Court finds that the vocation evidence was properly considered.

The judgment of the Commissioner is AFFIRMED.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 15th day of August, 2007.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE